IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **NATAHN SAMUEL COLLETT,** Plaintiff, v. **STATE OF UTAH, et al.,** Defendants. | **MEMORANDUM DECISION** **Case No. 2:14-cv-871-DB-PMW** **District Judge Dee Benson** **Magistrate Judge Paul M. Warner** |

The following cases were referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B):

*Collett v. State of Utah*, case no. 2:14-cv-00871-DB ("Case 871");

*Hackford v. State of Utah*, case no. 2:14-00872-RJS ("Case 872"); and

*Hackford v. State of Utah*, case no. 2:14-cv-00873-CW ("Case 873").

Plaintiffs filed motions to consolidate in each of these three actions, requesting that all actions be consolidated into Case 872 before Judge Shelby. Consolidation is governed by rule 42(a) of the Federal Rules of Civil Procedure and DUCivR 42-1. Local rule 42-1 states:

> Any party may file a motion and proposed order to consolidate two or more cases before a single judge if the party believes that such cases or matters:
>
> (i)   arise from substantially the same transaction or event;
> (ii)  involve substantially the same parties or property;
> (iii) involve the same patent, trademark, or copyright;
> (iv)  call for determination of substantially the same questions of law; or
> (v)   for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges.

The court may sua sponte enter an order of consolidation.

Any *motion pursuant to this rule shall be filed in the lower-numbered case*, and a notice of the motion shall be filed in all other cases which are sought to be consolidated. *The motion shall be decided by the judge assigned the lower-numbered case. If the motion is granted, the case will be consolidated into the case with the lowest number.*[1]

Plaintiffs improperly filed motions in all three cases and sought to consolidate the cases into Case 872, the second-to-lowest numbered case.  Plaintiff did so with the stated intention of somehow "consolidating" those cases into an appeal to the Tenth Circuit in Case 872.  Even if it had been proper to consolidate into Case 872, that case has now been dismissed and terminated.

The court, having reviewed the motion and the representations of the plaintiffs, **GRANTS IN PART AND DENIES IN PART** the motion to consolidate in the above-captioned cased.[2]  The request to consolidate Case 872 or to consolidate other cases into that case is **DENIED**.  The request to consolidate Cases 871 and 873 is **GRANTED**.  Pursuant to Rule 42 and DUCivR 42-1, Case 873 is hereby consolidated with Case 871.  All subsequent docketing shall occur in *Collett v. State of Utah*, case no. 2:14-cv-00871.

DATED this 9th day of May, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[1] DUCivR 42-1 (emphasis added).

[2] Docket no. 9.